UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTIN ROBERTO CHAVEZ-ORTIZ, | § | |
| Petitioner | § | |
| | § | |
| VS | § | C.A. NO. B-97-140 |
| | § | (HGT) |
| E. M. TROMINSKI, | § | |
| District Director, Immigration | § | |
| and Naturalization Service, | § | |
| Respondent | § | |

## MEMORANDUM ORDER

The instant case is one of a series of Petitions for Writs of Habeas Corpus, challenging a final order of deportation issued by the Board of Immigration Appeals (BIA) under the authority of Matter of Soriano, I.D. 3289 (BIA 1996; AG 1997), holding that § 440(d) of Antiterrorism and Effective Death Penalty Act, (AEDPA), restricting eligibility for relief from deportation under 8 U.S.C. § 1182(c), applied to all cases pending when it was enacted. The parties designated Cantu-Salinas, et al v. Trominski, C.A. B-97-183, Honorable Filemon B. Vela, presiding, as the "lead" case in this series, and agreed that the conclusions reached by this Court therein on the jurisdictional issues, and the applicability of AEDPA § 440(d), would extend to all the cases in the series.

The Honorable Filemon B. Vela has recently signed an Order in that case, finding that the Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (c)(3); concluding that Congress did not intend that 8 U.S.C. § 1252(g) amend 28 U.S.C. § 2241, and further concluding that Congress did not intend for AEDPA § 440(d) to apply to convictions occurring prior to its enactment. Consequently, the Court remanded the case to the BIA for reconsideration of its prior decision, in light of the principles articulated therein. See Lerma de Garcia v. INS, 141 F.3d 215 (5th Cir. 1998); Okoro v. INS, 125 F.3d 920 (5th Cir. 1997); U.S. ex rel Marcello v. INS, 634 F.2d 964 (5th Cir. 1981); Goncalves v. Reno, No. 97-1953 (1st Cir. May 15, 1998), 1998 WL 236799; Heikkila v. Barber, 345 U.S. 229 (1953); Plyler v. Doe, 102 S.Ct. 2382 (1982); Felker v. Turpin, 116 S.Ct. 2333 (1996); Mojica v. Reno, 970 F.Supp. 130 (E.D.N.Y. 1997); Sabino v. Reno, ___ F.Supp. ___, 1998 WL 313305 (S.D.Tx. June 1, 1998).

IT IS THEREFORE HEREBY ORDERED that the Government's Motion to Dismiss be, and the same hereby is, **DENIED**;

IT IS FURTHER ORDERED that the instant Petition for Writ of Habeas Corpus be, and the same hereby is, **GRANTED**.

IT IS FURTHER ORDERED that the decision of the BIA regarding the above Petitioner be **VACATED**, and that the case be **REMANDED** to the BIA for further proceedings consistent herewith.

The Clerk of Court shall send certified copies of the foregoing to all counsel of record.

DONE at Brownsville, Texas, this 27 day of August, 1998.

_____
Judge Presiding